Archibald C. Wemple, J.
On the argument the defendant’s counsel contended: 1) that the amended complaint did not state facts sufficient to constitute a cause of action; 2) that the County Court did not have jurisdiction because the complaint demanded an accounting in equity; and 3) that the essence of the action was based upon a breach of promise to marry.
The plaintiff on the other hand contended that the action was predicated alternatively on fraud, conversion or breach of an agency contract.
The motion is addressed to the pleading, which, in this case, is the summons and the amended complaint. The court, therefore, must examine the complaint itself and determine whether or not: 1) the complaint does state facts sufficient to constitute a cause of action; and 2) whether the cause of action is within the jurisdicton of this court.
In its examination, the court must give every fair inference and intendment in favor of the sufficiency of the pleading (see Connelly v. Department of Agriculture & Markets, 162 Misc. 73 and other cases cited under “ Construction ” in the annotations under rule 106). In short, the defect, if any, must appear on the face of the complaint in order to warrant a dismissal under rule 106 of the Buies of Civil Practice. This court finds that the plaintiff has a first cause of action in her sufficiently stated cause of action in fraud, as well as a second cause of action predicated on conversion, and a third cause of action based upon an alleged breach of contract.
A liberal construction of the complaint leads one to the conclusion that the plaintiff has informed the defendant of her various contentions in the three various causes of action set forth in the complaint. Certainly the defendant can determine the issues he must meet and put in his defense both in pleading and upon the trial. On the second point, as to the claim that the action is founded in equity, while the demand clearly asks for an “ accounting ” the basic demand asks for the return of a definite sum of money rather than a complicated accounting which would be contemplated in an equitable cause of action.
The amount involved is within the jurisdiction of the County Court and therefore proper.
The motion to dismiss is denied. Enter order accordingly.